IN THE COURT OF APPEALS OF THE STATE OF IDAHO

Docket No. 40493

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 387 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: February 21, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JAMIE LEE NELSON aka RINEHART, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Lynn G. Norton, District Judge.

Judgment of conviction for possession of a controlled substance and possession of paraphernalia, affirmed in part, vacated in part, and remanded.

Sara B. Thomas, State Appellate Public Defender; Spencer J. Hahn, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Jamie Lee Nelson aka Rinehart appeals from her judgment of conviction for possession of a controlled substance (methamphetamine) and possession of paraphernalia. Specifically, Nelson challenges the denial of her motion to suppress and the district court's award of restitution for the costs of prosecution. For the reasons set forth below, we affirm in part, vacate in part, and remand.

I.

FACTS AND PROCEDURE

On May 31, 2012, officers conducted a compliance search of Nelson's home. At the time of the search, Nelson's husband was on parole. Four parole officers, accompanied by two police officers and one drug detection canine, arrived at the Nelson home and were let inside by Nelson's husband. Officers located Nelson in the living room and asked her to stay there. Because Nelson's baby was in a bedroom, an officer escorted her to retrieve the baby and bring it

1

with her to the living room. Officers then conducted a search of the residence and discovered a bag of methamphetamine and a child's cup converted into a smoking device in the master bathroom. Officers arrested Nelson's husband and handcuffed him in the living room. Nelson and her husband then began to argue. During this argument, officers asked Nelson questions to which she provided incriminating responses. Officers thereafter found another bag of what appeared to be methamphetamine in a jewelry box in the master bedroom.[1]

The state charged Nelson with possession of a controlled substance (methamphetamine), I.C. § 37-2732(c); possession of paraphernalia, I.C. § 37-2734A; and three counts of injury to a child, I.C. § 18-1501. Nelson filed a motion to suppress the statements she made in response to the officers' questions. Nelson contended the statements were made during custodial interrogation without *Miranda*[2] warnings. The district court denied the motion. A jury acquitted Nelson of injury to a child but found her guilty of possession of a controlled substance and possession of paraphernalia. The district court sentenced Nelson to a unified term of seven years, with a minimum period of confinement of two years, and retained jurisdiction for possession of a controlled substance. The district court sentenced Nelson to a concurrent term of six months for possession of paraphernalia. The district court also ordered Nelson to pay $2,535 for the costs of prosecution pursuant to I.C. § 37-2732(k). Nelson appeals.

## II.

## ANALYSIS

### A. Motion to Suppress

Nelson argues her statements to officers were made in response to interrogation while she was in custody without being provided *Miranda* warnings. The state concedes the officers' questions constituted interrogation, but asserts Nelson was not in custody and no *Miranda* warnings were required.

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts

---

[1]    This bag tested presumptive positive for methamphetamine but the state lab did not run tests to confirm its status.

[2]    *See Miranda v. Arizona*, 384 U.S. 436 (1966).

as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

The requirement for *Miranda* warnings is triggered by custodial interrogation. *State v. Medrano*, 123 Idaho 114, 117, 844 P.2d 1364, 1367 (Ct. App. 1992). The United States Supreme Court equated custody with a person being deprived of his or her freedom by the authorities in any significant way. *Miranda v. Arizona*, 384 U.S. 436, 478 (1966). This test has evolved to define custody as a situation where a person's freedom of action is curtailed to a degree associated with formal arrest. *Berkemer v. McCarty*, 468 U.S. 420, 440 (1984); *State v. Myers*, 118 Idaho 608, 610, 798 P.2d 453, 455 (Ct. App. 1990). The initial determination of custody depends on the objective circumstances of the interrogation, not on the subjective views harbored by either the interrogating officers or the person being questioned. *Stansbury v. California*, 511 U.S. 318, 323 (1994). To determine if a suspect is in custody, the only relevant inquiry is how a reasonable person in the suspect's position would have understood his or her situation. *Berkemer*, 468 U.S. at 442; *Myers*, 118 Idaho at 611, 798 P.2d at 456.

A court must consider all of the circumstances surrounding the interrogation. *Stansbury*, 511 U.S. at 322; *State v. James*, 148 Idaho 574, 577, 225 P.3d 1169, 1172 (2010). Factors to be considered may include the degree of restraint on the person's freedom of movement (including whether the person is placed in handcuffs), whether the subject is informed that the detention is more than temporary, the location and visibility of the interrogation, whether other individuals were present, the number of questions asked, the duration of the interrogation or detention, the time of the interrogation, the number of officers present, the number of officers involved in the interrogation, the conduct of the officers, and the nature and manner of the questioning. *See Berkemer*, 468 U.S. at 441-42; *James*, 148 Idaho at 577-78, 225 P.3d at 1172-73. The burden of showing custody rests on the defendant seeking to exclude evidence based on a failure to administer *Miranda* warnings. *James*, 148 Idaho at 577, 225 P.3d at 1172.

At the preliminary hearing, officers testified to the following facts. A total of six officers arrived at the Nelson residence with one canine.[3] All officers were armed. Upon contact with Nelson, seated in the home's living room, officers told her to stay where she was. Nelson wanted to attend to her child in the other room, so an officer accompanied her to that room to allow her to retrieve her child. Approximately thirty minutes after entering the home, officers discovered paraphernalia and methamphetamine in the master bathroom. At this point, one officer went to the living room and placed Nelson's husband under arrest. Nelson and her husband began arguing. One of the officers asked Nelson if she had used drugs recently and Nelson responded that she had. An officer then asked Nelson when the last time was that she used and Nelson responded that morning. Finally, an officer asked Nelson if she would fail a drug test and she stated that she would.

The location of the interrogation weighs against Nelson's argument that she was in custody. This occurred in her own home, within her living room, with her husband present. This is in contrast to the more coercive environment of a police station. Further, while the total detention lasted approximately one hour,[4] the duration of the questioning was extremely brief in nature. An officer estimated that the questioning lasted only one minute. Moreover, very few questions were asked.

Nelson argues that she was in custody, citing the total number of officers (six plus a canine), that she was not allowed to retrieve her baby without an officer accompanying her, that the questioning occurred after the officers discovered paraphernalia and drugs, and that her husband had just been arrested in front of her. Despite these points, the totality of the circumstances demonstrate Nelson was not in custody. At the time officers questioned Nelson, only two were present. The questions were brief. Nelson was not informed that the detention would be anything other than temporary and Nelson was not in handcuffs. Additionally, although the officers were armed, no officer brandished a weapon. While Nelson was confined to the living room during the search and questioning, it was permissible for the officers to detain

---

[3] Although two of the officers left at one point, two other officers arrived to assist in the investigation.

[4] The district court found that Nelson was detained for one hour prior to questioning. However, testimony from an officer that questioned Nelson indicated the time was approximately thirty minutes.

4

the occupants of the premises while a proper search was conducted. *See Michigan v. Summers*, 452 U.S. 692, 705 (1981).

Nelson's freedom was not curtailed to the degree associated with formal arrest. The location of the questioning, the duration of the detention, and the brief nature of the questions all demonstrate that Nelson was not in custody for *Miranda* purposes. Therefore, the district court correctly denied Nelson's motion to suppress.

**B.      Restitution Award**

Nelson argues that the district court erred by awarding restitution for prosecution costs under I.C. § 37-2732(k) in the absence of any evidence to support that award. Nelson further requests that this Court bar the state from seeking to establish restitution for prosecution costs on remand. The state concedes the district court erred in awarding restitution for prosecution costs without substantial evidence in the record. However, the state argues that the remedy is to remand for a restitution hearing.

The parties are correct that the district court entered the restitution award without any evidence as to what the costs of prosecution were. However, how this transpired is important. The state initially requested that the district court order restitution for prosecution costs supported only by an oral, unsworn representation of the prosecutor as to the amount of the costs. The state failed to present any evidence supporting the amount requested. Nelson, recognizing the state failed to present any evidence, asked that the request be denied or, in the alternative, that the district court require the state provide further evidence of the costs. Responding to Nelson's request, the district court held that, while the state did not present any evidence, the amount requested was reasonable and awarded restitution. The state, understandably, did not object to this.

On appeal, the state relies on *State v. Johnson*, 149 Idaho 259, 267, 233 P.3d 190, 198 (Ct. App. 2010). In that case, the state failed to present substantial evidence to support a restitution award under I.C. § 19-5304(2). Determining the evidence insufficient on appeal, this Court remanded for the district court to conduct new proceedings to determine the appropriate restitution. *Johnson*, 149 Idaho at 267, 233 P.3d at 198. *Johnson* does not set forth a general rule that remand is always appropriate where a restitution award is not supported by substantial and competent evidence. Nevertheless, we conclude the remedy from *Johnson* is appropriate

under the circumstances of this case where the district court declined a request for an evidentiary hearing after Nelson objected to the state's inadmissible proffer.

## III.

## CONCLUSION

The district court did not err in denying Nelson's motion to suppress. However, the district court's restitution award for prosecution costs was not supported by substantial evidence. Therefore, we affirm Nelson's judgment of conviction with respect to possession of a controlled substance and possession of paraphernalia. However, we vacate Nelson's judgment of conviction with respect to the restitution award for prosecution costs and remand for a restitution hearing.

Chief Judge GUTIERREZ and Judge LANSING, **CONCUR.**